WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

THEODORE E. NIXON,                         )
                                           )
                        Plaintiff,         )
                                           )
        vs.                                )
                                           )
MOHAVE COUNTY, PUBLIC WORKS                )
DEPARTMENT, et al.,                        )
                                           )    No. 3:14-cv-8031-HRH
                        Defendants.        )
_____)

O R D E R

Motion to Dismiss

Defendants move to dismiss plaintiff's state law claims.[1]  This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Facts

Plaintiff is Theodore E. Nixon.  Defendants are Mohave County, Steven P. Latoski, and Vickie Holcomb.

---

[1]Docket No. 23

[2]Docket No. 28.

Plaintiff began working for Mohave County as a Facilities Engineering Manager in the Public Works Department on July 15, 2013.[3] Latoski was plaintiff's direct supervisor, and Holcomb was one of plaintiff's assistants.[4]

On August 9, 2013, plaintiff alleges that Holcomb reported to Human Resources that he was sexually harassing her.[5] Plaintiff alleges that another employee, Greg Arnold, told him that "Holcomb and other female employees were organizing to get [p]laintiff fired" and that "Holcomb had a problem with men and that she had organized to have another male fired in the past."[6] Plaintiff alleges that "Holcomb fabricated [the] story that [he] sexually harassed her."[7] Plaintiff alleges that "Holcomb was acting in the course and scope of her employment by reporting alleged sexual misconduct to HR. In the alternative, Defendant Holcomb was not acting in the course and scope of her employment when making these false accusations."[8]

Plaintiff alleges that later on August 9, 2013, after Holcomb had made her report to Human Resources, "Latoski summoned [p]laintiff to the conference room where another

---

[3] Complaint at 3, ¶¶ 12, 14, Docket No. 1.

[4] Id. at ¶¶ 15-16.

[5] Id. at ¶ 18.

[6] Id. at ¶ 19.

[7] Id. at ¶ 20.

[8] Id.

person was present. Defendant Latoski immediately notified [p]laintiff that he was being 'let go' because of his alleged 'failure to meet performance requirements of the position.'"[9] Plaintiff alleges that he "was confused he was being terminated in light of the positive feedback he had been consistently receiving from" Latoski and that when he expressed his confusion, "Latoski provided the real reason for the termination."[10]  Latoski advised plaintiff that he was being terminated because he had "engaged in 'inappropriate sexual contact' with an unidentified female employee (now known to be Holcomb) and that was 'all [plaintiff] needed to know.'"[11]  Plaintiff alleges that "Latoski was acting in the course and scope of employment when terminating [him] for alleged sexual misconduct. <u>In the alternative</u>, Defendant Latoski was acting on his own accord by firing [him] knowing that the accusations of sexual misconduct were false."[12]

Plaintiff commenced this action on February 27, 2014.  In his complaint, plaintiff asserts a Title VII claim against the County.  Plaintiff also asserts four state law claims against Holcomb and Latoski: 1) a defamation claim, 2) an injurious falsehood claim, 3) a false light claim, and 4) an intentional interference with contract claim.  Plaintiff alleges

---

[9]<u>Id.</u> at 4, ¶ 22.

[10]<u>Id.</u> at ¶ 23.

[11]<u>Id.</u>

[12]<u>Id.</u> at ¶ 28.

that the County is liable for Holcomb's and Latoski's alleged tortious conduct on a respondeat superior theory.[13]

Defendants now move to dismiss plaintiff's state law claims.

## Discussion

Although defendants bring their motion to dismiss pursuant to Rule 12(b)(6), the instant motion must be treated as a Rule 12(c) motion for judgment on the pleadings because defendants have already answered plaintiff's complaint.[14] MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006). In deciding a Rule 12(c) motion, "[t]he [c]ourt inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" Harris v. County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "The [c]ourt may find a claim plausible when a plaintiff pleads sufficient facts to allow the [c]ourt to draw a reasonable inference of misconduct, but the [c]ourt is not required 'to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Iqbal, 556 U.S. at 678).

---

[13] Id. at 6, ¶ 41.

[14] Docket No. 11.

To the extent that plaintiff has asserted claims against the individual defendants based on allegations of conduct within the scope of their employment,[15] those claims are dismissed for lack of notice. "A claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to <u>both</u> the employee individually and to his employer." <u>Crum v. Superior Court in and for County of Maricopa</u>, 922 P.2d 316, 317 (Ariz. Ct. App. 1996). Plaintiff provided notice of his claims to the County, but did not provide notice to Holcomb or Latoski.[16] Because plaintiff cannot cure this notice problem, his claims against Holcomb and Latoski in their official capacities are dismissed with prejudice. <u>See</u>, <u>e.g.</u>, <u>Kroncke v. City of Phoenix</u>, Case No. 1 CA–CV 10–0676, 2011 WL 6809841, at *3 (Ariz. Ct. App. Dec. 27, 2011) ("we hold that dismissal with prejudice was proper on the alternative ground that [Kroncke's tort claims] have been barred by his failure to comply with the mandatory notice of claim statute"); <u>Holmes v. City of Flagstaff</u>,

---

[15]Plaintiff contends that he did not sue Holcomb and Latoski in their official capacities, but his complaint reads otherwise.

[16]Notice of Claim, Exhibit A, Notice of Errata [etc.], Docket No. 24. The court may consider this document without converting the instant Rule 12(c) motion into a motion for summary judgment under the incorporation by reference doctrine. <u>See</u> <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006) (quoting <u>Branch v. Tunnell</u>, 14 F.3d 449, 453-54 (9th Cir. 1994) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the" document in question). Plaintiff alleges in his complaint that he "timely served a Notice of Claim for the state law theories...." Complaint at 2, ¶ 6, Docket No. 1.

Case No. CV09–8156 PCT–DGC, 2010 WL 994190, at *4 (D. Ariz. March 17, 2010) (dismissing state law claims with prejudice because the plaintiff did not file a notice of claim).

Plaintiff's state law claims against the County based on a respondeat superior theory of liability are also dismissed. Under Arizona law, "[a] dismissal with prejudice is an adjudication on the merits of the case." De Graff v. Smith, 157 P.2d 342, 345 (Ariz. 1945) (citation omitted); see also, Orlando v. City of Mesa, Case No. 1 CA-CV 08-0058, 2009 WL 551155, at *3 (Ariz. Ct. App. March 5, 2009) ("Arizona has long recognized that a dismissal with prejudice of a plaintiff's claims against an employee constitutes an adjudication on the merits"). If claims against individual employees are dismissed with prejudice, then the employer can never be found vicariously liable. See Law v. Verde Valley Med. Ctr., 170 P.3d 701, 705 (Ariz. Ct. App. 2007) ("When a judgment on the merits—including a dismissal with prejudice—is entered in favor of the "other person" in A.R.S. § 12–2506(D)(2) ..., there is no fault to impute and the party potentially vicariously liable ... is not 'responsible for the fault' of the other person"); Orlando, 2009 WL 551155, at *3 (if the claims against the employee are dismissed with prejudice, then "an action against the employer based solely upon the doctrine of vicarious liability" is precluded). Because plaintiff's claims against the individual defendants in their official capacities are dismissed with prejudice, the County could never be vicariously liable for Holcomb's or Latoski's

"official" conduct. If plaintiff could continue to assert claims for vicarious liability against the County even though his "official capacity" claims against Holcomb and Latoski have been dismissed with prejudice, then his failure to comply with the Notice statute as to Holcomb and Latoski would be excused, which would not be consistent with Arizona law that treats the Notice statute as "mandatory." See, e.g., Salerno v. Espinoza, 115 P.3d 626, 628 (Ariz. Ct. App. 2005) ("Compliance with the notice provision of § 12–821.01(A) is a 'mandatory' and 'essential' prerequisite"). Because plaintiff cannot cure the problem with his claims against the County that are based on a theory of respondeat superior liability, these claims are dismissed with prejudice.

As for plaintiff's claims against the individual defendants based on allegations of conduct outside the scope of their employment, plaintiff was not required to give notice of these claims, but he was required to plead plausible claims. As currently pled, plaintiff's state law claims against Holcomb and Latoski in their individual capacities are implausible. Under Arizona law, "an 'employee's [c]onduct falls within the scope [of employment] if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it.'" Dube v. Desai, 186 P.3d 587, 590 (Ariz. Ct. App. 2008) (quoting McCloud v. State, 170 P.3d 691, 699 (Ariz. Ct. App. 2007)). "An employee's improper actions, even those serving personal desires, will be deemed motivated to serve the employer if those

actions are incidental to the employee's legitimate work activity." Id. Here, plaintiff has alleged that Holcomb and Latoski acted outside the scope of their employment because they were acting on false information on their own accord. But, plaintiff has not pled any factual support for the allegation that Holcomb and Latoski were acting on their own accord. The allegation that Holcomb and Latoski were acting on false information is not sufficient because Holcomb's and Latoski's underlying conduct still appears to have been incidental to their legitimate work activity. Plaintiff has not pled any facts that suggest that Holcomb's and Latoski's alleged conduct was not incident to their legitimate work activities. Thus, plaintiff's state law claims against Holcomb and Latoski in their individual capacities are dismissed. Plaintiff is, however, given leave to amend as to these claims.

In amending his state law claims against Holcomb and Latoski in their individual capacities, plaintiff should be mindful that his false light claim as currently pled fails to state a plausible claim. "[T]he tort [of false light] is established if the defendant knowingly or recklessly published false information or innuendo about the plaintiff that a reasonable person would find highly offensive." Hart v. Seven Resorts Inc., 947 P.2d 846, 854 (Ariz. Ct. App. 1997). The plaintiff must show that the "matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded substantially certain to become one of public knowledge." Id. (citation and emphasis omitted). Publication to one other person, as plaintiff has alleged, is not sufficient.

Conclusion

Defendants' motion to dismiss[17] is granted. Plaintiff's state law claims against the County and Holcomb and Latoski in their official capacities are dismissed with prejudice. Plaintiff's state law claims against Holcomb and Latoski in their individual capacities are dismissed without prejudice and plaintiff is given leave to amend these claims. Plaintiff's amended complaint, should he elect to file one, shall be filed on or before September 10, 2014.

DATED at Anchorage, Alaska, this 20th day of August, 2014.

/s/ H. Russel Holland
United States District Judge

---

[17]Docket No. 23.